# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   )
           )
  v.       )  I.D. No. 0609013400
           )
STEVIE JONES,    )
           )
  Defendant.   )

## ORDER

Submitted: May 19, 2022
Decided: July 5, 2022

*Upon Consideration of Motion for Transcript,*
**DENIED.**

David Hume IV, Esq., Deputy Attorney General, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

Stevie A. Jones, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se*.

**CONNER, J.**

This 5th day of July, 2022, having considered Defendant Stevie Jones' ("Jones") Motion for Transcript, which was filed in relation to a postconviction proceeding pursuant to Superior Court Criminal Rule 61, it appears to the Court that:

(1)    The Court is satisfied that both Jones and the State are sufficiently familiar with the facts underlying this matter, and thus this Order does not contain a detailed recitation of the facts.[1]

(2)    In 2008, Jones pled guilty to multiple criminal charges and was sentenced.[2] He did not appeal his sentence or convictions to the Delaware Supreme Court.[3] On November 1, 2021, thirteen years after his conviction, Jones filed a pro se motion for postconviction relief pursuant to Superior Court Criminal Rule 61 (the "Rule 61 Motion").

(3)    On November 19, 2021, Jones filed an amended pro se Rule 61 Motion. On December 16, 2021, the State filed a response to Jones' Rule 61 Motion.[4] On December 27, 2021, Jones filed a Motion for Appointment of Postconviction Counsel. On January 18, 2022, Jones filed a reply to the State's response.[5] On April 7, 2022, the Court denied both the Rule 61 Motion and the Motion for Appointment

---

[1] For a more detailed recitation of the facts *see State v. Jones*, 2022 WL 1043002 (Del. Super. Apr. 7, 2022).
[2] *Jones v. State*, 258 A.3d 145, 2021 WL 3179449, at *1 (Del. July 27, 2021) (TABLE).
[3] *See Jones*, 2021 WL 3179449 at *1.
[4] *See* Super. Ct. Crim. R. 61(f).
[5] *See Jones*, 2022 WL 1043002 at *1.

of Postconviction Counsel.[6] Specifically, the Court concluded that Jones' untimely Rule 61 Motion was procedurally barred by Rule 61(i)(1) and that appointment of counsel was not warranted.[7]

(4) On May 2, 2022, Jones appealed the denial of his Rule 61 Motion to the Delaware Supreme Court. On May 19, 2022, Jones filed the instant Motion for Transcript in this Court relating to prior proceedings in this matter. According to Jones he submitted the Motion for Transcript for the purpose of obtaining sentencing and discovery documents to be used as exhibits supporting his appeal of the April 7, 2022, Order.

(5) Pursuant to Delaware Supreme Court Rule 9(i), "[d]uring the pendency of an appeal to [the Delaware Supreme Court], the trial court shall retain jurisdiction over all issues relating to the ordering of transcript in cases on appeal."[8]

(6) "An application for the production of transcripts is addressed to the sound discretion of this Court."[9] Superior Court Criminal Rule 61(d)(4) states, "[t]he judge may order the preparation of a transcript of any part of the prior proceedings in the case needed to determine whether the movant may be entitled to relief."[10]

---

[6] *Id.*
[7] *Id. at *2.*
[8] Sup. Ct. R. 9(i).
[9] *State v. Duonnolo*, 2009 WL 3681674, at *1 (Del. Super. Ct. Nov. 4, 2009).
[10] Super. Ct. Crim. R. 61(d)(4).

(7)    Here, the Court has previously determined that Jones is not entitled to postconviction relief because Jones' motion for postconviction relief was procedurally barred by Rule 61(i)(1). The transcripts in question will not disturb this Court's prior determination that the Rule 61 Motion was procedurally barred.[11] That is, sentencing and discovery documents will not unsettle the determination that the Rule 61 Motion was procedurally barred as untimely.[12] Therefore, Defendant Stevie Jones' Motion for Transcript is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Mark H. Conner*
Mark H. Conner, Judge

cc: Prothonotary

---

[11] *See United States v. MacCollom,* 426 U.S. 317, 330, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *see also State v. Ketchum*, 2002 WL 234745, at *1 (Del. Super. Jan. 31, 2002).
[12] "[I]t is not an abuse of discretion to deny a request for transcripts where the transcripts are sought for the preparation of a Rule 61 motion for post conviction relief and it appears that the Rule 61 motion would be procedurally barred." *Duonnolo*, 2009 WL 3681674, at *1.